LADNER, et al. *v.* LADNER, et al.

No. 40756          October 7, 1957          97 So. 2d 238

*Wm. E. Andrews, Jr.,* Purvis; *Geo. W. Currie, George G. Currie,* Hattiesburg, for appellants.

*Jesse W. Shanks,* Purvis, for appellee.

KYLE, J.

## ON AGREED MOTION TO DOCKET AND DISMISS.

██ █ This case is before us on a motion filed by the appellants, E. A. Ladner and others, defendants in the lower court, and the appellees, Mrs. Eva Ladner and others, complainants in the lower court, asking that the case be docketed for immediate hearing on said motion, and that a judgment be entered by this Court reversing the decree of the lower court and dismissing the appellees' bill of complaint with prejudice. The movants state in support of their said motion that, since the rendition of the above mentioned decree and the filing of the appellants' appeal bond, the parties in interest have by mutual agreement settled all issues, differences and contentions involved in the suit amicably between themselves, and therefore petition this Court to enter a judgment as prayed for in said motion.

The movants state in their motion that the original record has been lost or misplaced through no fault of the parties; but the movants have attached to their motion a certified copy of the final decree rendered by the chancellor on November 27, 1956, and also a certified copy of the notice given by the appellants' attorneys to the court reporter requesting that his notes be transcribed for use on appeal, and a certified copy of the appeal bond filed by the appellants on December 27, 1956.

The motion is therefore sustained, and the cause shall be docketed and a judgment entered in accordance with the agreement of the parties, reversing the decree of the lower court, and dismissing the appellees' bill of complaint with prejudice. A copy of the record has not been

filed with the Clerk of this Court, and in entering such judgment, we do not pass upon the merits of the case or the correctness or incorrectness of the above mentioned decree. We are merely giving effect to the agreement of the parties as set forth in their motion.

It is agreed that the costs, including the costs accrued in the lower court, shall be taxed against the parties in proportions as follows: Three-fourths of the costs shall be taxed against the appellants, and one-fourth of the costs shall be taxed against the appellees.

Motion sustained.

*McGehee, C. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.